IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) ) | Civil Action No.<br><br>**COMPLAINT** |
| SECURITY ENGINEERS, INC. ) ) ) | **JURY TRIAL DEMAND** |
| Defendant. ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 ("Title VII") to correct unlawful employment practices on the basis of sex and to provide appropriate relief to female applicants who were denied employment because of their sex. As alleged with greater particularity in Paragraphs 11-23 below, since at least March 1, 2017, Defendant Security Engineers, Inc. ("Security Engineers" or "Defendant") has intentionally denied and continues to deny employment and job assignments to a class of female applicants for security officer positions at its clients' locations nationwide because of their sex. During the same period, Defendant has furthermore engaged in a nationwide pattern or practice of discrimination against the class of female applicants for security officer positions because of their sex.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of

1

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were and are now being committed in numerous locations across the United States, including within the jurisdiction of the United States District Court for the Northern District of Alabama, Southern Division. Venue is appropriate in this court.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5 (f)(1) and (3).

4. At all relevant times, Defendant has continuously been an Alabama corporation, headquartered in Birmingham, Alabama, and has continuously done business in the State of Alabama and Jefferson County, Alabama, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, a charge was filed with the Commission by Victoria Lipnic, during her tenure as a Commissioner, alleging violations of Title VII by Defendant.

7.      On March 21, 2023, the Commission issued Defendant a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in conciliating the matter.

8.      The Commission engaged in conciliation discussions with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

9.      The Commission was unable to secure from Defendant an acceptable conciliation agreement, and, on April 28, 2023, the Commission issued Defendant a Notice of Failure of Conciliation.

10.     All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

11.     Defendant provides security services to client companies across the United States. Defendant is currently licensed and operating in Alabama, Florida, Georgia, Indiana, Kentucky, Louisiana, Mississippi, North Carolina, Ohio, Pennsylvania, South Carolina, Tennessee, Texas, and West Virginia.

12.     Since at least March 1, 2017, Defendant has engaged in unlawful employment practices in hiring and assigning individuals to work as security officers at Defendant's clients' locations nationwide in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000(e)-2(a). These unlawful practices include, but are not limited to, the following:

   a)   Since at least March 1, 2017, Defendant has intentionally excluded from employment a class of qualified female applicants seeking security officer positions at Defendant's clients' locations nationwide in favor of hiring equally or less qualified male applicants. For example:

     i.  A female applicant had twenty years' experience as an unarmed security officer when she submitted two online applications for a security officer position, but Defendant never contacted her for an interview and failed to hire her or assign her to a security officer position.

     ii.  Another female applicant had recently retired from a 25-year career with a state law enforcement agency when she applied for a security officer position. When the applicant interviewed for the position, she informed Defendant that she could work any hours or days of the week. Defendant did not hire the applicant or assign her to a security officer position, and the applicant later obtained a position as a security officer with another company.

     iii.  Another female applicant had 14 years' experience in the security field when she applied for a security officer position, but Defendant did not offer her a position.

     iv.  During an interview with Defendant, another female applicant for a security officer position was told that "nights and weekend shifts were generally given to the guys because those are scarier shifts." The applicant was informed that no shifts were available for her and she was not hired.

     v.  Another female applicant had experience as both an armed and unarmed security officer and had run the office for a different security company when she applied for a security officer position, but Defendant did not offer her a position.

     vi.  Another female applicant applied for an armed security officer position and already held a pistol license, but Defendant never contacted the applicant regarding her application.

       vii.       Another female applicant, a former police cadet, applied for multiple security officer positions with Defendant. Defendant never contacted the applicant.

       viii.       Another female applicant had three years' experience as a security officer and was working at two different security companies when she applied for a security officer position with Defendant. Defendant never contacted the applicant despite her multiple applications.

       ix.       Another female applicant had four years' experience as a security officer when she applied for a security officer position with Defendant. The applicant's boyfriend worked for Defendant when she applied, and he told the applicant that Defendant did not hire many women. Defendant did not offer the applicant a position.

       x.       Another female applicant interviewed for a security officer position during a job fair and received a job offer. The applicant then completed Defendant's onboarding process, but Defendant never contacted the applicant after she completed onboarding. The applicant visited the apartment complex where the position she had been offered was located and saw a male security officer working in the position.

       b)       From March 8, 2017 – March 6, 2020, Defendant received at least 19,194 job applications. Females submitted at least 8,528 of those applications (44.4%). However, only 702 of Defendant's new hires (32.0%) during that period were females. This hiring disparity evinces a statistically significant shortfall of females hired for available positions nationwide that exceeds three standard deviations.

       c)       Defendant's corporate officers and managers have knowingly and intentionally complied with clients' requests that open security officer positions be staffed with male workers instead of qualified female applicants.

## COUNT I

[Title VII – Sex Discrimination – Disparate Treatment]

13. Plaintiff incorporates by reference and reasserts the allegations in Paragraphs six (6) through twelve (12) of this Complaint.

14. Since at least March 1, 2017, Defendant has engaged in unlawful employment practices in violation of § 703(a) of Title VII, 42 U.S.C. § 2000e-2(a).

15. As set forth in Paragraphs six (6) through twelve (12) above, Defendant's discriminatory treatment of a class of qualified female applicants for security officer positions included, but was not limited to, favoring male applicants for available openings, complying with Defendant's clients' discriminatory requests for male officers and failing to hire and assign qualified female applicants because of their sex (female).

16. The unlawful employment practices complained of Paragraphs six (6) through twelve (12) above were and are intentional.

17. The unlawful employment practices complained of in Paragraphs six (6) through twelve (12) above were done and are being done with malice or with reckless indifference to the federally protected rights of a class of female applicants for security officer positions.

18. The effect of the practices complained of in Paragraphs six (6) through twelve (12) above has been to deprive a class of female applicants for security officer positions of equal employment opportunities and otherwise adversely affect their status as applicants because of their sex (female).

## COUNT II

### [Title VII – Sex Discrimination – Pattern or Practice]

19. Plaintiff incorporates by reference and reasserts the allegations in Paragraphs six (6) through eighteen (18) of this Complaint.

20. Since at least March 1, 2017, through the hiring and assignment practices complained of in Paragraphs six (6) through eighteen (18) above, Defendant has engaged in a pattern or practice of discrimination against a class of female applicants for security officer positions based on their sex (female).

21. The unlawful employment practices complained of in Paragraphs six (6) through eighteen (18) above were and are intentional.

22. The unlawful employment practices complained of in Paragraphs six (6) through eighteen (18) above were done and are being done with malice or with reckless indifference to the federally protected rights of a class of female applicants for security officer positions.

23. The effect of the practices complained of in Paragraphs six (6) through eighteen (18) above has been to deprive a class of female applicants for security officer positions of equal employment opportunities and otherwise adversely affect their status as applicants because of sex (female).

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in employment practices that discriminate on the basis of sex.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for female applicants and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole the class of aggrieved female applicants for security officer positions by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, rightful-place hiring of qualified female applicants, and, where appropriate, front pay and instatement.

D. Order Defendant to make whole the class of aggrieved female applicants for security officer positions by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above in amounts to be determined at trial.

E. Order Defendant to make whole the class of aggrieved female applicants for security officer positions by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including, but not limited to, emotional pain, suffering, humiliation, and inconvenience in amounts to be determined at trial.

F. Order Defendant to pay the class of aggrieved female applicants for security officer positions punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

>Gwendolyn Young Reams
>Acting General Counsel
>
>EQUAL EMPLOYMENT
>OPPORTUNITY COMMISSION
>131 M Street, NE
>Washington, DC 20507
>
>Marsha Lynn Rucker (PA 90041)
>Regional Attorney
>
>EQUAL EMPLOYMENT
>OPPORTUNITY COMMISSION
>Birmingham District Office
>Ridge Park Place, Suite 2000
>1130 22nd Street South
>Birmingham, Alabama 35205
>Tel.: (205) 651-7045
>marsha.rucker@eeoc.gov